### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRICE WOODS<br>57 E. Hortter Street<br>Philadelphia, PA 19119<br><br>        Plaintiff,<br><br>v.<br><br>PROGRESSIVE HEALTH INC.<br>525 West Chester Pike, Suite 311A<br>Havertown, PA 19083<br>    and<br>FRIDAY OBASEIME<br>525 West Chester Pike, Suite 311A<br>Havertown, PA 19083<br><br>        Defendant. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through herundersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Katrice Woods (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Progressive Health Inc. and Friday Obaseime (*hereinafter* referred to as "Defendants" unless referred to individually) for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code 9-1100 *et seq.* ("PFPO"), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and the Pennsylvania

Minimum Wage Act.[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and the PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the appropriate administrative agencies. Any claims under the PHRA/PFPO though would mirror the instant Title VII claims identically, but will also include claims against Defendant Obaseime.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is a black, American female.

7. Defendant Progressive Health Inc. is an entity engaging primarily in the business of providing in-home care for elderly or infirmed individuals in several counties throughout Pennsylvania, with headquarters located at the address set forth in the above-caption.

8. Upon information and belief, Defendant Obaseime owns and operates Defendant Progressive Health Inc. and is a high-level manager and decision maker concerning terms and conditions of employment for employees such as Plaintiff, including but not limited to compensation/payment of wages for work performed.

9. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth infull.

11. Plaintiff was hired by Defendants on or about November 2, 2018.

12. Throughout her employment, Plaintiff was a dedicated and hardworking employee, working not only as a full-time Office Manager, but also working an additional approximate 60 hours per week as a Home Care Worker.

13. Plaintiff worked out of Defendants' Cottman, Philadelphia, PA, location and was supervised by Defendants' Owners, Defendant Obaseime and Karen Ejorh, who are African.

14. Unfortunately, throughout Plaintiff's employment, she was subjected to an extremely discriminatory environment within Defendants.

15. Specifically, Defendant Obaseime and Ejorh are very pro-African and very anti-American, and as a result subjected Plaintiff and others to numerous derogatory comments about Americans in general, as well as black Americans specifically.

16. By way of example,[2] Plaintiff and other black Americans were consistently 1) referred to as lazy blacks, 2) described as having no work ethic because they are from America, 3) told black Americans are not spiritual enough, and 4) called stupid in reference to being black Americans.

17. As a result of the discriminatory comments that she was subjected to throughout her employment, increasingly in the months leading to her separation, Plaintiff complained several times to Defendants' management, including to Defendant Obaseime, specifically objecting to any further national origin comments or discrimination, and expressly stating that she was highly offended by the same.

18. Shortly thereafter, on or about September 2, 2020, in close proximity to her most recent complaints of discrimination, Plaintiff was abruptly terminated by Defendants, including Obaseime, who had suddenly begun to hurl numerous false accusations at her, including that she had purportedly committed numerous billing errors and distracted other employees from completing their work.

19. After ultimately instructing Plaintiff to go home, requiring her to turn in her office keys, refusing to provide Plaintiff with any date to return to work, and locking Plaintiff out of

---

[2] This list is not intended to be an exhaustive list, but is provided solely for illustration purposes.

4

Defendants' operating system, Defendant Obaseime further approached employees explaining that he had terminated Plaintiff for reasons *other* than those suddenly addressed with her, including stealing inventory from Defendants, lying, not doing her job, and for gossiping in the office.

20. Each of the accusations unexpectedly made toward Plaintiff and as alleged by Obaseime for Plaintiff's termination, however, are entirely pretextual, as:

   a. Each alleged reason is patently false and/or were properly attributed to individuals other than Plaintiff who were not similarly subjected to similar disciplinary action;

   b. Plaintiff had never received any disciplinary action, been warned, or reprimanded by Defendants for any of the reasons alleged;

   c. Upon information and belief, no investigation was ever performed by Defendants in allegedly terminating Plaintiff for such reasons; and

   d. Defendants have provided numerous different alleged reasons for terminating Plaintiff, as identified above, as well as subsequently directly contradicting these alleged reasons for Plaintiff's termination by submitting to federal and state administrative agencies that Plaintiff was *never* actually terminated, but instead voluntarily resigned from her employment, which is also entirely and demonstrably false.

21. Therefore, Plaintiff believes and avers that she was terminated because of her race/national origin and/or in retaliation for making multiple complaints of race/national origin discrimination (the last of which was made in close proximity to her abrupt and pretextual termination).

22. Moreover, following Plaintiff's separation from employment, likely in further retaliation for Plaintiff's complaints of discrimination, Defendants also failed to properly pay Plaintiff overtime on her final paycheck.

23. Specifically, during her last full week of employment, Plaintiff worked approximately sixty (60) hours as a Home Care Worker.

24. Defendants cannot dispute that Plaintiff's position as a Home Care Worker was a non-exempt position under federal and state law, as it paid Plaintiff on an hourly basis and classified Plaintiff as nonexempt throughout her employment, often paying her overtime for such work.

25. Despite being well aware that Plaintiff had worked sixty (60) hours in this non-exempt position during the last week of her employment, as reflected by Plaintiff's final paystub, however, Defendants nevertheless paid her for sixty (60) hours at her *base rate* of $13 per hour, without paying Plaintiff at a rate of time and a half for each hour she worked over 40, as required.

26. Therefore, Defendants failed to properly pay Plaintiff overtime during the final week of her employment, as required under federal and state law.

### Count I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
(Race/National Origin Discrimination and Retaliation)
-Against Defendant Progressive Health Inc. Only-

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to disparate and discriminatory treatment based on the numerous discriminatory comments made to her and other employees in her presence, which she complained about numerous times in the months and weeks leading up to her termination.

29. In close proximity to making her last complaint of race/national origin discrimination to Defendants' management, Plaintiff was then terminated for entirely pretextual reasons, which Defendants have contradicted numerous times since.

30. Furthermore, following her separation from employment, Defendants intentionally withheld overtime payments from Plaintiff, as outlined above.

31. Plaintiff therefore believes that she was terminated and not paid overtime because of her race/national origin and/or because of her complaints of race/national origin discrimination.

32. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime)**
**- Against Both Defendants -**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Defendants meet all criteria to be an employer or enterprise, collectively or individually, under the FLSA.

35. Plaintiff was not properly paid for all owed overtime as explained *supra*. Such actions constitute indefensible violations of the FLSA.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Defendants meet all criteria to be an employer or enterprise, collectively or individually, under the PMWA.

38. Plaintiff was not properly paid for all owed overtime as explained s*upra*. Such actions constitute indefensible violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policies, practices, or customs of retaliating against employees and are to be ordered to promulgate effective policies against discriminating and retaliating against employees, and committing overtime and wage violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants from engaging in such misconduct in the future;

D. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

F.	Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G.	Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; ands

H.	Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

				Respectfully submitted,

				**KARPF, KARPF & CERUTTI, P.C.**

			By:	_____
				Ari R. Karpf, Esquire
				3331 Street Road
				Two Greenwood Square
				Suite 128
				Bensalem, PA 19020
				(215) 639-0801

Dated: March 24, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Katrice Woods | : | CIVIL ACTION |
| v. | : | |
| Progressive Health Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 3/25/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 57 E. Hortter Street, Philadelphia, PA 19119

Address of Defendant: 525 West Chester Pike, Suite 311A, Havertown, PA 19083

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/25/2021    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/25/2021    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WOODS, KATRICE

### DEFENDANTS
PROGRESSIVE HEALTH INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FLSA (29USC201)

Brief description of cause:
Violations of Title VII, FLSA, PHRA, PFPO and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset